IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**CHARLES WELSCH,**

    **Plaintiff,**

**vs.**                                                 **CASE NO. 4:06CV346-WS/AK**

**MONICA DAVID, et al,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the Florida Parole Commissioners (Monica David, Frederick Dunphy, and Tena Pate) have violated his constitutional rights under the Ex Post Facto and Due Process Clauses. (Doc. 12). Defendants filed an "answer" (doc. 26), which has been construed as a motion for summary judgment. (Doc.27). Plaintiff was advised of his obligation in responding to the motion for summary judgment (doc. 28), but no response has been filed.

**I.    Allegations of the Complaint (doc. 11)**

Plaintiff claims that his PPRD (presumptive parole release date) has been suspended since 1994 based on "old" information and under new guidelines not in effect at the time he committed his crime which are harsher, and have therefore increased his punishment violating the Ex Post Facto Clause. He also complains that

his due process rights are violated by limiting him to one appeal of the parole decision and preventing him from presenting evidence at this appeal.

As relief, Plaintiff seeks an order directing that he be given a new parole hearing in full compliance with due process and ex post facto requirements.

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be

**No. 4:06cv346-WS/AK**

considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.     Defendants Rule 56(e) evidence

a)     Sentencing papers (exhibits A, B and C)

Plaintiff received twenty five years on November 6, 1978, for Robbery, then a term of fifteen years for burglary, to run concurrently, and then on May 14, 1980, he was convicted of two counts of second degree murder and sentenced to two concurrent terms of life imprisonment to run consecutively to the previously imposed sentences.

    b)    <u>Initial Parole Review (exhibit D)</u>

Plaintiff received his first parole interview on July 24, 1981, and a presumptive parole release date (PPRD) was established for May 12, 1998.

    c)    <u>Biennial/Special Interview Commission Action (exhibit E)</u>

Plaintiff was afforded numerous reviews from 1983 to 1993, which resulted in a reduction of his PPRD by 42 months to November 12, 1994..

    d)    <u>Effective Parole Release Date Interview (exhibit F)</u>

At his August 25, 1994, effective parole release date interview his case was referred to the full commission for extraordinary review pursuant to Section 947.18 of the Florida Statutes.

    e)    <u>Extraordinary Review (exhibit G)</u>

At the meeting before the full commission on October 5, 1994, the commission voted to suspend his PPRD because "the Commission has been unable to find that there is a reasonable probability that, if released on parole, he will live and conduct himself as a respectable and law-abiding person, and that his release will be compatible with his own welfare and the welfare of society." The Commission based this finding on the seriousness of the crimes and the mental health information provided by the mental health professionals which concluded that Plaintiff needed additional mental treatment.

    f)    <u>Extraordinary Reviews(exhibits H, I and J)</u>

The commission conducted reviews on July 24, 1996, September 23, 1998, and March 5, 2000, and reached the same conclusion as set forth in Exhibit G. In its April 5, 2000, decision the commission cited that because a firearm was used, multiple murders

**No. 4:06cv346-WS/AK**

were committed, and mental health concerns remained an issue, the next hearing would be set off for 5 years.

    g)    <u>Writ of Mandamus filed on June 20, 2005 (exhibit K-L)</u>

Plaintiff appealed the parole decision to state court and the petition, which raised ex post facto and due process claims, was denied on the grounds that there is no constitutional right to parole citing <u>Hunter v. Florida Parole Comm'n</u>, 674 F.2d 847 (11th Cir. 1982).

## IV. Analysis

    a.    <u>Ex Post Facto claim</u>

To violate the Ex Post Facto Clause, a new statute must inflict "a greater punishment, than the law annexed to the crime, when committed." <u>Lynce v. Mathis</u>, 519 U.S. 433, 441, 117 S. Ct. 891, 895, 137 L. Ed. 2d 63 (1997), *quoting*, <u>Calder v. Bull</u>, 3 Dall. 386, 390, 1 L. Ed. 648 (1798).  An ex post facto law applies to "events occurring before its enactment" and disadvantages the offender by "altering the definition of criminal conduct or increasing the punishment for the crime." <u>Lynce</u>, 519 U.S. at 441, 117 S. Ct. at 896, *quoting* <u>Collins v. Youngblood</u>, 497 U.S. 37, 50, 110 S. Ct. 2715, 2723, 111 L. Ed. 2d 30 (1990).  Procedural changes that neither change the substance of the offense nor the punishment thereof do not implicate ex post facto concerns. <u>Conloque v. Shinbaum</u>, 949 F.2d 378 (11th Cir. 1991), cert denied, 506 U.S. 841 (1992). This is true even if the procedural change disadvantages an inmate. <u>Dobbert v. Florida</u>, 432 U.S. 282 (1977).

**No. 4:06cv346-WS/AK**

Plaintiff's sole complaint about the procedural changes used by the parole commission is that his PPRD was suspended because of old information gathered for previous decisions, and no new information was obtained by the commission when it rendered its decision on April 5, 2000.  As cited by Defendants, the Florida Supreme Court has already decided against these claims in Florida Parole Commission v. Paige, 462 So.2d 817 (Fla. 1985) and Florida Parole Commission v. Bruce, 471 So.2d 7 (Fla. 1985). Both of these cases held that the parole commission may use information previously considered or anything in the inmate's record to base its decision upon. Thus, there is no merit to this claim.

    b.    Due Process claims

Likewise as to Plaintiff's due process claims, the state legislature in Florida, as well as the courts interpreting these laws, are universal that there is no constitutional right to parole, and therefore, no liberty interest in parole.  Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982) Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974).[1]

The only potential exception is the use of false information by the Parole Commission.  Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991) (holding that a Parole Board's discretion does not permit it to knowingly relying on false information to deny an inmate parole), *relying on* Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982)

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

**No. 4:06cv346-WS/AK**

(stressing that "absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."); Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932 (11th Cir. 1986)(finding that the inmate "raised a colorable due process claim with respect to the use of procedurally flawed disciplinary reports in modifying a PPRD.").  In this case, Plaintiff does not make this claim.  His sole claim is that he was not granted an appeal of the parole decision, yet he sought judicial review through the writ of mandamus process in state court and was rendered a well reasoned and legally supported decision.  Thus, there is no merit in this claim either on the facts or the law, and summary judgment must be granted in Defendants' favor on the due process claims as well.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 26) be **GRANTED**, and this cause **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida, this  **4th** day of January 2008.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:06cv346-WS/AK**